IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| United States of America, Plaintiff, v. Saul Rivera-Dubois, Defendant. | Criminal No. 3:18-0276(GMM) |

**OPINION AND ORDER**

Pending before the Court are Saul Rivera-Dubois' ("Rivera-Dubois") *Motion for Modification of Sentence Under Amendment 821* ("Motion for Modification") (Docket No. 128) and Magistrate Judge Bruce J. McGiverin's ("Magistrate Judge") *Report and Recommendation Re: Amendment 821* ("R&R") on the Motion for Modification (Docket No. 131). For the reasons stated herein, the Court **GRANTS** Rivera-Dubois' Motion and **ADOPTS** the R&R.

## I.  BACKGROUND

On August 11, 2021, Rivera-Dubois was sentenced to seventy-two (72) months (6 years) of imprisonment with a term of four (4) years of supervised release for one (1) Count of conspiracy to possess with intent to distribute 500 grams or more of Cocaine in violation of 21 U.S.C. § 841(b)(1)(B)(ii). (Docket No. 124). Specifically, this Court sentenced Rivera-Dubois for possessing

Criminal No. 3:18-0276(GMM)
Page -2-

with intent to distribute at least fifteen (15) kilograms but less than fifty (50) kilograms of cocaine. (Id.).

On February 21, 2024, Rivera-Dubois filed his Motion for Modification, contending that Amendment 821 to the United States Sentencing Guidelines ("Guidelines"), which became effective on November 1, 2023, warranted a reduction in his sentence. (Docket No. 128); *see also* U.S.S.G. App. C, Amend. 821 (2023). Therein, the Rivera-Dubois requested "the Court [to] take notice of this motion and refer the same to a United States Magistrate Judge for initial screening pursuant to the Administrative Directive Regarding Amendment 821." (Id. at 2). The Court did so on February 22, 2024. (Docket No. 130).

On May 29, 2024, the Magistrate Judge issued his R&R stating that Rivera-Dubois may be eligible to have his sentence reduced under Amendment 821 given that he "is a zero-point offender." (Docket No. 131 at 3). Ultimately, the R&R referred the matter back to this Court and stated that "[t]he presiding judicial officer shall wait for the parties' stipulation of a sentence reduction within fourteen days." (Id.).

On June 4, 2024, the Government and Rivera-Dubois filed a joint *Stipulation Regarding Modification of Sentence Amendment 821* ("Joint Stipulation") agreeing that "a [reduced] sentence of 70 months' imprisonment is appropriate in this case…. [and] that an amended judgement may be entered by the Court in accordance with

this stipulation pursuant to 18 U.S.C. § 3582(c) and USSG § 1B1.10(b), Amendment 821." (Docket No. 133 at 2).

## II.   LEGAL STANDARD

A federal district court may refer a pending motion to a magistrate judge for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Crim. P. 59(b)(1); Local R. 72(b). Adversely impacted parties may "serve and file specific written objections to the proposed findings and recommendations" within fourteen days of receipt of a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(2); Local R. 72(d). "Absent objection, ... [a] district court ha[s] a right to assume that [the affected party] agree[s] to the magistrate's recommendation." Barreto-Rivera v. United States, 887 F. Supp. 2d 347, 351 (D.P.R. 2012) (*quoting* Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir.1985)).

"An issue not raised before the magistrate judge may be deemed waived by the district court." United States v. Rivera-Pitre, 2024 U.S. Dist. LEXIS 80723, *4 (D.P.R. 2024)(*citing* Borden v. Sec. of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987)). If no objection to a magistrate's report and recommendation is filed, then "the Court. . . needs only to satisfy itself that the *Report and Recommendation* contains no "plain error" on the face of the record." Caraballo-Torres v. United States, 887 F. Supp. 2d 387,

**Criminal No. 3:18-0276(GMM)**
**Page -4-**

391 (D.P.R. 2012) (internal citations omitted); see also United States v. Pomales-Arzuaga, 319 F. Supp. 3d 578, 582 (D.P.R. 2018).

### III. APPLICABLE LAW AND ANALYSIS

Pursuant to 18 U.S.C. § 3582(c)(2) ("Section 3582(c)(2)"), a court may reduce the term of imprisonment for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . [and] after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); see also United States v. Zayas-Ortiz, 808 F.3d 520, 523 (1st Cir. 2015). In applying Section 3582(c)(a), a district court follows a two-step approach, first a court ascertains whether a prisoner is eligible for a sentence reduction and then the court analyzes an offender's applicable Guidelines Section 3553(a) factors to determine in its discretion whether a reduction is merited. See United States v. Candelaria-Silva, 714 F.3d 651, 656 (1st Cir.2013); see also Dillon v. United States, 560 U.S. 817, 827(2010). In the present case, Rivera-Dubois argues that his sentence should be modified in light of Amendment 821. Thus, prior to analyzing whether to grant the Motion for Modification under

Section 3582(c)(2), the Court must first determine whether Amendment 821 applies to Rivera-Dubois.

A.   Eligibility under Amendment 821

In 2023, the U.S. Sentencing Commission passed Amendment 821. *See* U.S.S.G. App. C, Amend. 821 (2023). Part B of Amendment 821 altered Chapter Four of the Guidelines to provide a two-level reduction for certain offenders with no criminal history, ("Zero-Point Offenders"). Id.: *see also* United States v. Laprell, No. 1:17-CR-00003-JAW-1, 2023 WL 8560239, *1 (D. Me. Dec. 11, 2023) (noting that the Guidelines now allow for a two-level reduction for so-called Zero-Point Offenders); *see also* United States of America v. De La Cruz Jiminez, No. 23-13909, 2024 WL 3219900, *1 (11th Cir. June 28, 2024). To be eligible for the two-level Base Offense Level ("BOL") reduction under Amendment 821, a defendant must meet a range of criteria including having no criminal history points, having committed the instant offense without the use of violence or the threat thereof, and having committed the instant offense without possession, receipt, purchase, transport, transfer, sale, or other disposition of a firearm or dangerous weapon. *See* U.S.S.G. § 4C1.1(a) (2023).[1] Amendment 821 is

---

[1] The full list of applicable criteria include: "(1) the defendant did not receive any criminal history points from Chapter Four, Part A; (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism); (3) the defendant did not use violence or credible threats of violence in connection with the offense; (4) the offense did not result in death or serious bodily injury; (5) the instant offense of conviction is not a sex offense; (6) the defendant did not personally cause substantial financial hardship; (7) the defendant did not

Criminal No. 3:18-0276(GMM)
Page -6-

retroactively applicable. *See* U.S.S.G. § 1B1.10(d)-(e) (2023); *see also* United States v. Muriel-Morales, No. CR 00-333 (ADC)(HRV), 2024 WL 1046911, *1 (D.P.R. Mar. 11, 2024); United States v. Dunston, No. 1:15-CR-00162-JAW-1, 2024 WL 709363, *2 (D. Me. Feb. 21, 2024).

In his R&R, the Magistrate Judge held that Rivera-Dubois may be eligible for a reduced sentence under Amendment 821, because he is a Zero-Point Offender. (Docket No. 131). In the Parties' Joint Stipulation, they agreed that Rivera-Dubois "meets all the criteria in USSG § 4C1.1(a)(1)-(10). [and a]s such, Mr. Rivera-Dubois is eligible for a modification of sentence under 18 U.S.C. § 3582(c) and USSG § 1B1.10(b), Amendment 821 to the U.S. Sentencing Guidelines." (Docket No. 133 at 1). Given that the applicability of Amendment 821 to Rivera-Dubois is undisputed, the Court finds that Rivera-Dubois may be eligible for a sentence reduction under the same and calculates his adjusted Guidelines range.

---

possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights); (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848; decrease the offense level determined under Chapters Two and Three by 2 levels." U.S.S.G. § 4C1.1.

The Joint Stipulation provides an "agreed upon analysis of the applicability of USSG § 4C1.1" that calculates Rivera-Dubois' revised Guideline recommendation to amount to 70-87 months of imprisonment based upon a Total Offense Level of 27 and Criminal History Category of I. (Id. at 2). The Court concurs with the Parties' calculation. At sentencing, Rivera-Dubois was attributed at least 15 kilograms but less than 50 kilograms of cocaine, thus the Court finds that he has a BOL of 32. See (Docket No. 124). He then receives a three (3) point reduction for accepting responsibility. See U.S.S.G § 3E1.1. Having already determined that Amendment 821 applies to Rivera-Dubois as a Zero-Point Offender, the Court finds that he also benefits from the associated two-point reduction. See U.S.S.G. App. C, Amend. 821 (2023). As such, the Court calculates Rivera-Dubois' final BOL to equal 27, which, with a Criminal History Category of I, provides a Guidelines recommended sentence of 70-87 months. See U.S.S.G. § 5A. Thus, having found that Rivera-Dubois is eligible for a sentence reduction under Amendment 821 and noting that the requested reduced sentence falls within the range applicable to him under the Court's amended Guidelines' calculation, the Court moves on to the second step of analysis under Section 3582(c)(2) and considers whether it should exercise its discretion and grant the requested sentence modification.

B.   Consideration of Guidelines Section 3553(a) Factors

Once an offender is determined to be eligible for sentence reduction under Amendment 821, the modification is subject to the strictures of 18 U.S.C. § 3582(c). See U.S.S.G. § 1B1.10(b) (2023). If a court finds that a sentence can be modified under Section 3582(c)(2), then that court considers an Offender's Guidelines Section 3553(a) factors. See 18 U.S.C. § 3553(a); see also United States v. Aponte-Guzman, 696 F.3d 157, 160 (1st Cir. 2012); Candelaria-Silva, 714 F.3d at 659; Dillon, 560 U.S. at 826.

Guidelines Section 3553(a) provides factors for a court's consideration that help ensure that a court "impose[s] a sentence sufficient, but not greater than necessary." U.S.S.G. § 3553(a). Such factors include "the nature and circumstances of the offense and the history and characteristics of the defendant." Id. Here, considering that Rivera-Dubois has no criminal history, and the Government has stipulated that a reduced sentence of seventy (70) months (5 years and 10 months) is an appropriate punishment for his offense, the Court concludes that Rivera-Dubois' Section 3553(a) Factors support his requested sentence reduction. As such, the Court **GRANTS** Rivera-Dubois' Motion for Modification.

### IV. CONCLUSION

For these reasons, the Court **ADOPTS** the R&R; **GRANTS** Rivera-Dubois' Motion for Modification; and reduces Rivera-Dubois'

**Criminal No. 3:18-0276(GMM)**
**Page -9-**

sentence from seventy-two (72) months (6 years) to seventy (70) months (5 years and 10 months).

    IT IS SO ORDERED.

    In San Juan, Puerto Rico, July 19, 2024.

    <u>s/Gina R. Méndez-Miró</u>
    GINA R. MÉNDEZ-MIRÓ
    UNITED STATES DISTRICT JUDGE